**FOR PUBLICATION**

```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS & JOHN


                                      )
HUGO DOUGLAS & ASSOCIATES,            )
                                      )
            Plaintiff,                )
                                      )
            v.                        )
                                      )   Civil No. 2007-28
VIRGIN ISLANDS CONFERENCE, MORAVIAN   )
CHURCH MISSION FOR THE EVANGELICAL    )
BROTHERS UNITED, VIRGIN ISLANDS       )
PORT AUTHORITY, and AMERICAN VIRGIN   )
ENTERPRISES LTD,                      )
                                      )
            Defendants.                )
_____)
```

**ATTORNEYS:**

**Desmond L Maynard, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Samuel T. Grey, Esq.**
St. Croix, U.S.V.I.
    *For the Virgin Islands Conference and the Moravian Church*
    *Mission for the Evangelical Brothers United,*

**Henry V Carr, III, Esq.**
St. Thomas, U.S.V.I.
    *For the Virgin Islands Port Authority,*

**David A Bornn, Esq.**
St. Thomas, U.S.V.I.
    *For American Virgin Enterprises, Ltd.*

*Hugo Douglas & Assocs. v. V.I. Conference, et al.*
Civil No. 2007-28
Order
Page 2

**ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion of the Moravian Church Mission for the Evangelical Brothers United (the "Church") to dismiss the above-captioned matter.

Hugo Douglas & Associates, LLC ("Hugo") is a corporation incorporated in Maryland with its principal place in Maryland. On February 7, 2007, Hugo commenced this action against the Church, among other defendants. Count One of the complaint alleges breach of contract, claiming the defendants failed to pay Hugo for certain architectural and engineering services Hugo provided. Count Two is a claim for *quantum meruit.* The third and final count alleges that Hugo relied to its detriment on the defendants' promise to pay.

Pursuant to title 13, section 2008 of the Virgin Islands Code ("Section 2008(a)"), "[a] foreign limited liability company transacting business in the Virgin Islands may not maintain an action or proceeding in the Virgin Islands unless it has a certificate of authority to transact business in the Virgin

*Hugo Douglas & Assocs. v. V.I. Conference, et al.*
Civil No. 2007-28
Order
Page 3

Islands."[1] V.I. CODE ANN. tit. 13, § 2008(a) (1998).  The term

'foreign limited liability company' is defined as

> an unincorporated entity organized under laws other than the laws of the Virgin Islands which afford limited liability to its owners comparable to the liability under section 1303 of this chapter and is not required to obtain a certificate of authority to transact business under any law of the Virgin Islands other than this chapter.

*Id.* at § 1102(h) (1998).

The Church argues that dismissal is appropriate because Hugo lacks the capacity to sue in the Virgin Islands.  It contends that Hugo is a "foreign limited liability company," as defined in title 13, section 1102(h) of the Virgin Islands Code ("Section 1102(h)").  The Church further asserts that Hugo does not possess a certificate of authority to transact business in the Virgin Islands.  Accordingly, the Church concludes, Section 2008(a) precludes Hugo from commencing a law suit in the Virgin Islands.

In support of its motion, the Church has submitted an affidavit of Denise Johannes, Director of the Division of Corporation and Trademark of the Office of the Lieutenant Governor.  It states that, "after a careful search of our records, it was determined that the entity, HUGO DENNIS AND ASSOCIATES, LLC, is not registered with our office as a foreign

---

[1] "A foreign limited liability company may apply for a certificate of authority to transact business in the Virgin Islands by delivering an application to the office of the Lieutenant Governor . . . ." 13 V.I.C. § 2002(a) (1998).

*Hugo Douglas & Assocs. v. V.I. Conference, et al.*
Civil No. 2007-28
Order
Page 4

or domestic limited liability company." (Johannes Aff. ¶ 2, Nov. 20, 2007.) Significantly, Hugo Dennis, LLC is not a party to this action. Accordingly, it is hereby

    **ORDERED** that the motion to dismiss is **DENIED;** it is further

    **ORDERED** that the hearing on the motion to dismiss, currently scheduled for August 22, 2008, is **CANCELLED**; and it is further

    **ORDERED** that the Church's motion to reschedule the August 22, 2008, hearing is **DENIED** as moot.

```
                                        S_____
                                          CURTIS V. GÓMEZ
                                             Chief Judge
```