FOR PUBLICATION


IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & JOHN


|  |  |  |
|---|---|---|
| H. DOUGLAS & ASSOC., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. 2007-28 |
| VIRGIN ISLANDS CONFERENCE, MORAVIAN | ) | |
| CHURCH MISSION FOR THE EVANGELICAL | ) | |
| BROTHERS UNITED, VIRGIN ISLANDS | ) | |
| PORT AUTHORITY, and AMERICAN VIRGIN | ) | |
| ENTERPRISES LTD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |


ATTORNEYS:

**John-Robert Alfred, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiff,*

**Samuel T. Grey, Esq.**
St. Croix, U.S.V.I.
    *For the Virgin Islands Conference and the Moravian Church*
    *Mission for the Evangelical Brothers United,*

**Henry V Carr, III, Esq.**
St. Thomas, U.S.V.I.
    *For the Virgin Islands Port Authority,*

**Darren John-Baptiste, Esq.**
St. Thomas, U.S.V.I.
    *For American Virgin Enterprises, Ltd.*

*H. Douglas & Assoc., LLC v. V.I. Conference, et al.*
Civil No. 2007-28
Order
Page 2

**ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion of American Virgin

Enterprises, Ltd. ("AVE") and the Moravian Church Mission for the

Evangelical Brothers United (the "Church") for reconsideration[1]

of this Court's July 30, 2008, Order denying a motion to dismiss.

**I.   FACTS**

H. Douglas & Assoc., LLC ("Douglas") is a Maryland

corporation with its principal place of business in Maryland.

Douglas is in the business of providing engineering and

architectural services.  In September, 2002, Douglas began

providing such services to the defendants in connection with a

hotel and marina development project in Coral Bay, St. John, U.S.

Virgin Islands (the "Coral Bay Project," or the "Project").

On February 7, 2007, Douglas commenced this action against

the defendants, alleging that they did not pay Douglas for the

---

[1]  AVE frames the instant motion as one for relief from
judgment under to Federal Rule of Civil Procedure 60(a) ("Rule
60(a)").  Rule 60(a) permits the Court to "correct a clerical
mistake or a mistake arising from oversight or omission whenever
one is found in a judgment, order, or other part of the record. .
. ." Fed. R. Civ. P. 60(a).  It "encompasses only errors
mechanical in nature, apparent on the record, and not involving a
substantive error in judgment." *Pfizer Inc. v. Uprichard*, 422
F.3d 124, 129-30 (3d Cir. 2005).  The instant motion touches on
matters relating to the substance of the July 30, 2008, ruling.
As such, the motion is more properly characterized as one for
reconsideration.

*H. Douglas & Assoc., LLC v. V.I. Conference, et al.*
Civil No. 2007-28
Order
Page 3

architectural and engineering services it rendered in connection

with the Coral Bay Project.[2]   Count One of Douglas' complaint

asserts a claim for breach of contract.   Count Two is a claim for

*quantum meruit.*   The third and final count alleges that Douglas

relied to its detriment on the defendants' promise to pay.

On December 21, 2007, the Church moved to dismiss Douglas'

complaint, arguing that title 13, section 2008 of the Virgin

Islands Code ("Section 2008(a)")[3] barred Douglas from suing in

the Virgin Islands because Douglas was a foreign limited

liability company and did not possess the requisite certificate

of authority to transact business in the Virgin Islands.   On July

30, 2008, the Court entered an Order denying the Church's motion

to dismiss.   The Court noted that the motion was accompanied by

the November 20, 2007, affidavit of Denise Johannes

("Johannes"),[4] custodian of corporate records filed in the Virgin

---

[2]   The original complaint identified the plaintiff by the
name of "Hugo Douglas & Associates, LLC."   However, the complaint
was subsequently amended to change the name of the plaintiff to
its correct name, "H. Douglas & Assoc., LLC."

[3]   Section 2008 provides that "[a] foreign limited liability
company transacting business in the Virgin Islands may not
maintain an action or proceeding in the Virgin Islands unless it
has a certificate of authority to transact business in the Virgin
Islands."

[4]   Johannes is employed as the Director of the Division of
Corporation and Trademark of the Office of the Lieutenant
Governor.

*H. Douglas & Assoc., LLC v. V.I. Conference, et al.*
Civil No. 2007-28
Order
Page 4

Islands.  The Court found the affidavit to be deficient because

it made no mention of Douglas, but instead stated that "Hugo

Dennis and Associates, LLC" was not registered as a foreign

liability company.

AVE, joined by the Church, (together, the "Moving

Defendants") timely moved for reconsideration of the January 26,

2009, Order.

## II.  <u>ANALYSIS</u>

Local Rule of Civil Procedure 7.3 ("Local Rule 7.3")

provides:

> A party may file a motion asking the court to
> reconsider its order or decision. . . .  A motion to
> reconsider shall be based on:
>
> 1. Intervening change in controlling law;
>
> 2. Availability of new evidence, or;
>
> 3. The need to correct clear error or prevent
> manifest injustice

LRCi 7.3 (2008).  The purpose of a motion for reconsideration "is

to correct manifest errors of law or fact or to present newly

discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906,

909 (3d Cir. 1985).  Such motions are not substitutes for

appeals, and are not to be used as "a vehicle for registering

disagreement with the court's initial decision, for rearguing

matters already addressed by the court, or for raising arguments

*H. Douglas & Assoc., LLC v. V.I. Conference, et al.*
Civil No. 2007-28
Order
Page 5

that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

The Moving Defendants first argue that reconsideration is appropriate in order to correct clear error.  They claim that the Court erred by failing to discuss certain evidence in the July 30, 2008, Order.  Specifically, the Moving Defendants point to an affidavit of Johannes, dated January 7, 2008.  The January 7, 2008, affidavit was not attached as an exhibit to the motion to dismiss.  It was submitted separately, in a subsequent filing made weeks after the motion to dismiss was filed.  The Church never requested or obtained leave to supplement their motion with the January 7, 2008, affidavit.  The Moving Defendants have not offered, nor is the Court aware of, any valid legal authority for the contention that it was error for the Court not to consider such a filing.  In any event, the January 7, 2008, affidavit, like the November 20, 2007, affidavit, fails to refer to Douglas by its proper legal name.[5]

The Moving Defendants further assert that reconsideration is appropriate in light of newly available evidence.  While Local Rule 7.3 does not define the term, the United States Court of

---

[5]  The January 7, 2008, affidavit states that "Hugo Douglas, LLC" is not registered with our office as a foreign or domestic limited liability company." (Johannes Aff. ¶ 2, Jan. 7, 2008.) However, Douglas' proper legal name is "H. Douglas & Assoc., LLC." *See* note 1, *supra*.

*H. Douglas & Assoc., LLC v. V.I. Conference, et al.*
Civil No. 2007-28
Order
Page 6

Appeals has characterized newly available evidence as "evidence known but unavailable." *See United States v. Jasin*, 280 F.3d 355, 362-63 (3d Cir. 2002) (holding that "'newly available evidence' is not synonymous with 'newly discovered evidence'" because the former term encompasses evidence of which the party was previously aware).  The term "available" means "readily obtainable; accessible." Random House Dictionary of the English Language 102 (Unabridged ed. 1973).

Here, the Moving Defendants offer a third affidavit of Johannes, dated August 15, 2008.  Unlike the November 20, 2007, and January 7, 2008, affidavits, the August 15, 2008, affidavit refers to Douglas by its proper legal name.  It states that, "after careful review of the corporate records, it was determined that the entity, H. DOUGLAS AND ASSOC., LLC, is not registered in any manner with the Division of Corporation and Trademark of the Office of the Lieutenant Governor." (Johannes Aff. ¶ 2, Aug. 15, 2008.)  However, the Moving Defendants make absolutely no attempt at explaining how the August 15, 2008, affidavit constitutes newly available evidence.  Under these circumstances, the Court will not presume that such evidence was not previously obtainable or accessible to the Moving Defendants.

*H. Douglas & Assoc., LLC v. V.I. Conference, et al.*
Civil No. 2007-28
Order
Page 7

Because the Moving Defendants have failed to show that the
Court committed clear error or that new evidence has become
available, it is hereby

**ORDERED** that the motion for reconsideration is **DENIED.**[6]


S\_____
        **CURTIS V. GÓMEZ**
        **Chief Judge**

_____

[6]  While the Court finds no basis for reconsidering the July
30, 2008, Order, it notes that nothing precludes the Moving
Defendants from re-filing the motion to dismiss.  Such course of
action provides all parties with notice and an opportunity to
respond to the arguments in the motion.