FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & JOHN

|  |  |
|---|---|
| H. DOUGLAS & ASSOC., LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. 2007-28 |
| VIRGIN ISLANDS CONFERENCE, MORAVIAN ) | |
| CHURCH MISSION FOR THE EVANGELICAL ) | |
| BROTHERS UNITED, VIRGIN ISLANDS ) | |
| PORT AUTHORITY, and AMERICAN VIRGIN ) | |
| ENTERPRISES LTD, ) | |
| ) | |
| Defendants. ) | |

**ATTORNEYS:**

**John-Robert Alfred, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiff,*

**Samuel T. Grey, Esq.**
St. Croix, U.S.V.I.
    *For the Virgin Islands Conference and the Moravian Church
    Mission for the Evangelical Brothers United,*

**Henry V Carr, III, Esq.**
St. Thomas, U.S.V.I.
    *For the Virgin Islands Port Authority,*

**Darren John-Baptiste, Esq.**
St. Thomas, U.S.V.I.
    *For American Virgin Enterprises, Ltd.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of the Moravian Church Mission for the Evangelical Brothers United (the "Church") to dismiss the complaint in this matter. Douglas has not filed an opposition to the instant motion.

## I. FACTS

H. Douglas & Assoc., LLC ("Douglas") is in the business of providing engineering and architectural services. In September, 2002, Douglas began providing such services to the defendants in connection with a hotel and marina development project in Coral Bay, St. John, U.S. Virgin Islands (the "Coral Bay Project," or the "Project").

On February 7, 2007, Douglas commenced this action against the Church, as well as other defendants, alleging that they did not pay Douglas for the architectural and engineering services it rendered in connection with the Coral Bay Project.[1] On October 14, 2008, the Church filed a notice with the Court, indicating that it had served Douglas with its first set of interrogatories and demand for production of documents.

---

[1] The original complaint identified the plaintiff by the name of "Hugo Douglas & Associates, LLC." However, the complaint was subsequently amended to change the name of the plaintiff to its correct name, "H. Douglas & Assoc., LLC."

Throughout the course of the litigation of this matter, the United States Magistrate Judge entered numerous scheduling orders, setting and extending the deadlines for completing discovery. Ultimately, the Magistrate Judge ordered the parties to complete self-executing disclosures under Federal Rule of Civil Procedure 26 ("Rule 26") by August 15, 2008, and to complete written discovery by May 15, 2009.

## II. **ANALYSIS**

The Church urges the Court to dismiss this matter as a sanction for Douglas' violation of this Court's scheduling orders.[2] The Church asserts that, as of the date of this Order, Douglas has not responded to its first set of interrogatories and demand for production of documents, despite being ordered to do so by May 15, 2009. The Church also asserts that Douglas has failed to complete its self-executing disclosures, despite being ordered to do so by August 15, 2008.

A party may move the Court to impose sanctions for violations of pretrial scheduling orders, pursuant to Rule 16(f). That Rule provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule

---

[2] The Church's motion contains a certification stating that it has conferred with opposing counsel prior to filing the instant motion, as required by Local Rule of Civil Procedure 37.1.

37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "Although a finding of bad faith is generally required for a court to impose sanctions pursuant to its inherent authority, no express requirement of intent or negligence exists in the language of Rule 16(f)." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007).

Courts may impose a wide range of sanctions under Rule 16(f), including, "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Indeed, the United States Court of Appeals for the Third Circuit has recognized "the very broad discretion which district courts have to use sanctions where necessary to ensure compliance with pretrial orders . . . ." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007) (quotation omitted); *see also Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002) ("This flexibility is necessary because the circumstances attendant to noncompliance are apt to differ widely. In the last analysis, then, the choice of an appropriate sanction must be handled on a case-by-case basis.").

The sanction of dismissal with prejudice, as the Church has requested, "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the

merits." *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (noting this principle in the context of a dismissal under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders); *see also Tower Ventures, Inc.,* 296 F.3d at 46 (explaining that "dismissal with prejudice. . . . is strong medicine, not casually to be dispensed" as a sanction for violating case management orders under Rule 16(f)). Nonetheless, "a court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions." *Tower Ventures, Inc.,* 296 F.3d at 46 (explaining that "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)"); *see also Hicks v. Feeney,* 850 F.2d 152 (3d Cir. 1988) ("The court clearly has the power to dismiss the case as a sanction against a party who fails to obey an order regarding discovery.").

With respect to the Church's argument that Douglas' self-executing disclosures are incomplete, the Court is unable to determine whether that argument has merit. The record shows that Douglas did in fact serve the Church with self-executing disclosures, pursuant to Rule 26. Indeed, in April, 2007, Douglas filed a notice with the Court, indicating that it had served the defendants with its initial Rule 26 disclosures. On October 2, 2007, Douglas filed a notice with the Court,

indicating that it had served the Church with its first supplemental disclosures under Rule 26. On June 16, 2008, Douglas filed a notice stating that, on June 14, 2008, it had served the Church with its second supplemental Rule 26 disclosures. The Church recognizes that Douglas has made numerous Rule 26 disclosures, but argues that such disclosures are deficient. However, the Church had not provided, nor does the record contain, copies of Douglas' disclosures. Without any information as to the content of Douglas' self-executing disclosures, the Court is unable to determine whether such disclosures are deficient. Therefore, the Court does not find that Douglas has violated the Court's scheduling order requiring self-executing disclosures to be completed by August 15, 2008.

On the other hand, a review of the record in this matter shows that the Church served Douglas with its first set of interrogatories and demand for documents in October, 2008. Douglas has failed to produce its responses to the Church's first set of interrogatories and demand for documents, despite being ordered to do so by May 15, 2009. Indeed, on June 1, 2009, the Magistrate Jude entered an Order stating that "counsel propose to file a motion to compel responses to written discovery, which was due May 15, 2009[,] after many extensions." (Order 1, June 1,

2009.) Instead of filing a motion to compel, the Church elected to file the instant motion to dismiss.

The Court is troubled by Douglas' approach with respect to written discovery. Douglas apparently takes the view that it may conduct written discovery in this matter at its own pace, without regard to the deadlines imposed by the Court's scheduling orders. That view ignores the Court's independent interest in administering its docket. *See United States v. Wecht,* 484 F.3d 194, 217 (3d Cir. 2007) ("It is important to note that district courts have wide discretion in the management of their cases."); *Yakowicz v. Pennsylvania,* 683 F.2d 778, 784 (3d Cir. 1982) (referring to the "broad powers with respect to timing and other considerations that [the district court] has generally in the management of the cases before it as they proceed through the various stages before and during trial"); *Titus v. Mercedes Benz of N. Am.,* 695 F.2d 746, 751 (3d Cir. 1982) ("[B]road discretion should be accorded district courts in the management of their calendars."). Indeed, the Court's broad discretion to issue sanctions for violations of scheduling orders serves to "facilitate[] the expeditious and sound management of the preparation of cases for trial." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007).

While Douglas' approach is of concern to the Court, this

case does not involve the sort of extreme circumstances or willful violations of court orders that warrant the sanction of dismissal with prejudice. *See, e.g., DiFrancesco v. Aramark Corp.*, 169 Fed. Appx. 127, 131 (3d Cir. March 1, 2006) (holding that dismissal was not warranted as sanction for the plaintiff's failure to comply with scheduling order where there was no showing that the plaintiff caused any other delays, and the delay was not willful or the result of bad faith) (unpublished); *John v. State of La.*, 828 F.2d 1129, 1131-33 (5th Cir. 1987) (finding that dismissal with prejudice was an inappropriate sanction for the plaintiff's tardy response to a discovery request, late submission of pretrial order, and failure to make timely filings); *Cf. Orama v. Boyko,* 243 Fed. Appx. 741, 743, 2007 WL 2220452, 2 (3d Cir. Aug. 3, 2007) (affirming the dismissal of an action with prejudice as an appropriate sanction in light of the plaintiff's "willful decision not to comply with past orders, and expressed intention not to comply with future orders, making it impossible to ready the matter for trial, and rendering alternative sanctions ineffective") (unpublished).

The Church also suggests that the Court impose other sanctions as alternatives to dismissal of this action. The Church asks the Court to determine the full extent of Douglas' non-compliance with Rule 26. However, as discussed above, the

record in this matter does not enable the Court to make such a determination. The Church also requests that the Court award it attorneys' fees and costs incurred in litigating the instant motion. However, the Church has not requested a specific amount of fees and costs, or provided any evidence regarding the amount of fees and costs incurred in litigating this motion. Thus, even assuming, *arguendo,* that the Court were to find such an award appropriate under the circumstances, it would have no way of determining a reasonable amount of fees and costs expended.

### III. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the motion to dismiss, and for other sanctions is **DENIED**; and it is further

**ORDERED** that Douglas shall file its responses to the Church's first set of interrogatories and demand for documents no later than Wednesday, July 15, 2009.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**